902 F.2d 29
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 LABORERS LOCAL UNION 1149, Plaintiff-Appellee,
v.
POWER CITY PLUMBING & HEATING, Defendant-Appellant.
 
 No. 89-2465.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 12, 1990.
Decided April 19, 1990.
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Robert Earl Maxwell, Chief District Judge. (CA-89-22-W-M)
 Geary M. Battistelli, Beneke, Battistelli & Bremer, Wheeling, W. Va., for appellant.
 William David Wilmoth; Janet A. Sheehan, Schrader, Stamp, Byrd, Byrum & Companion, Wheeling, W. Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Power City Plumbing & Heating (Power City) appeals from the summary judgment granted by the district court to Laborers Local Union 1149 of Wheeling, West Virginia. We affirm.
 
 
 2
 On September 1, 1987, Power City and Local 1149 accepted a collective bargaining agreement between the Ohio Valley Construction Employers Council and the Laborers District Council. The agreement included a provision mandating the submission of certain disputes to a joint committee consisting of two employer representatives and two union representatives. In an addendum to its contract with Local 1149, Power City stated that it was no longer a member of the Ohio Valley Construction Employers Council.*
 
 
 3
 When a dispute subsequently arose between Power City and Local 1149 concerning the asserted underpayment of certain laborers, Power City refused to be bound by its agreement with the union incorporating the grievance and arbitration provisions. Local 1149 gave appropriate notice to Power City and processed the grievance to the joint committee. Although receiving notice, Power City refused to participate in the proceedings--claiming it was not bound to do so and averring fear of unequal treatment by the employer members of the joint committee. A hearing was conducted in Power City's absence, and the joint committee subsequently awarded amounts totaling $16,391.18 to named laborers. Local 1149 then applied to the Circuit Court of Ohio County, West Virginia for enforcement of the award. Power City removed the case to the federal district court for Northern West Virginia where, five months later, the district court granted the union's motion for summary judgment.
 
 
 4
 On appeal, Power City contends that the district court erred in granting summary judgment because Power City had alleged that: 1) there was partiality or misbehavior by the arbitrators; 2) the award contained an evident miscalculation of figures; 3) the union had waived its right to enforce the collective bargaining agreement; and 4) Power City had not had a reasonable opportunity for discovery.
 
 
 5
 With the exception of the addendum to its agreement with Local 1149, Power City directs us to no record support for its first three contentions. It is firmly established that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986). Given Power City's failure to support its arguments, we cannot find that the district court erred in entering judgment for the union. We likewise find no merit to Power City's argument that it had an inadequate opportunity for discovery before the court entered summary judgment.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The addendum states, in its entirety:
 Laborers' Local # 1149 and the West Virginia Laborers' District Council hereby understand that Power City Plumbing, Heating and Sheet Metal Company is no longer a member of the Ohio Valley Construction Employers Council, Inc, and is not obligated to pay into said organization. And aforesaid company is not obligated to pay into the Construction Advancement Program.